# Baicker, Appellant, *v.* Peoples Street Railway Company of Nanticoke & Newport.

*Negligence—Street railways—Collision between wagon and car—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries sustained in a collision between a car and a wagon which the plaintiff was driving, a nonsuit is properly entered where it appears that plaintiff stopped, looked and listened before he drove upon plaintiff's tracks, that when upon the tracks he saw for the first time a car turning in from another street about 100 feet distant, that instead of proceeding forward he stopped his horse and attempted to back off, that he did not succeed in doing so, and the approaching car which was not going at an excessive rate of speed struck the front wheel of the wagon, throwing the plaintiff out, and causing the injuries for which suit was brought.

MESTREZAT, J., dissents.

Argued April 11, 1906. Appeal, No. 116, Jan. T., 1906, by plaintiff, from order of C. P. Luzerne Co., May T., 1903, No. 387, refusing to take off nonsuit in case of Abe Baicker v. Peoples Street Railway Company of Nanticoke & Newport. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FERRIS, J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*John M. Garman*, for appellant, cited : Burke v. Traction Co., 198 Pa. 497 ; Turnpike Co. v. R. R. Co., 54 Pa. 345 ; Ehrisman v. Ry. Co., 150 Pa. 180 ; Cohen v. R. R. Co., 211 Pa. 227 ; Kennedy v. Traction Co., 210 Pa. 215.

*Q. A. Gates*, for appellee, cited : Flanagan v. Ry. Co., 163 Pa. 102 ; Wagner v. Traction Co., 212 Pa. 132 ; Dunkle v. Ry. Co., 209 Pa. 125 ; Mease v. Traction Co., 208 Pa. 434 ; Harman v. Traction Co., 200 Pa. 311.

OPINION BY MR. JUSTICE ELKIN, May 24, 1906 :

Green street is one of the principal avenues in the borough of Nanticoke. The accident in this case occurred at a right-angled crossing of intersecting streets in said borough. The appellant had passed from a narrow street called Maple out upon Green street with the intention of crossing it. He stopped, looked and listened for an approaching car at the side line of Green street and seeing none, he started to cross the defendant's track, proceeding with caution on account of two stoves which constituted his load. When upon the track he saw for the first time the advancing car as it was turning into Green from Hanover street, something over 100 feet distant. Instead of proceeding forward and clearing the track, he stopped his horse and attempted to back off. He did not succeed in so doing. The approaching car before it was brought to a full stop, struck the front wheel of his wagon, from which he was thrown out and received the injuries for which damages are claimed in this action. The horse was thrown down and the wagon somewhat damaged. The car was stopped within about a foot of the point of its contact with the wagon. There is no evidence indicating that the motorman did not have complete control of the car, or that it was running at an excessive rate of speed. The learned court below in overruling the motion to take off the nonsuit, among other things said : " It may be presumed that when he turned in from Hanover on Green street he saw the plaintiff driving across the track 100 feet away. He had no reason to think, and was not bound to anticipate that Baicker instead of proceeding would stop and attempt to reverse his motion and back off, or that the attempt would not be successful. The plaintiff evidently thought it

could be done.  It would be a strange rule that would relieve the plaintiff from negligence in acting upon that belief, and convict the motorman of negligence in entertaining and acting on the same belief.  Each had a right to presume that the other would exercise the precaution which the situation demanded."

This court has frequently said that it is as much the duty of the driver of a team to avoid a collision in these cases as it is the motorman of a car.  If the appellant had continued in his course, he no doubt would have cleared the track before the car reached that point, and no collision would have occurred, but, having changed his mind, he attempted to back off, thus confusing the situation, the motorman acting on the belief that he would succeed, and the driver acting on the same belief.

Under these circumstances, we are of opinion that the testimony is not sufficient to justify a recovery of damages for the injuries resulting from the accident.

Judgment affirmed.

MESTREZAT, J., dissents.